**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JURY IVETTE HERRERA-BARRIOS, | No. 12-72004 |
| Petitioner, | Agency No. A201-041-404 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014**

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Jury Ivette Herrera-Barrios, a native and citizen of Venezuela, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's decision denying her applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the BIA's factual findings. *Nagoulko v. INS*, 333 F.3d 1012, 1015 (9th Cir. 2003). We dismiss in part and deny in part the petition for review.

We lack jurisdiction over Herrera-Barrios's unexhausted allegations regarding her membership in a particular social group. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Substantial evidence supports the agency's finding that Herrera-Barrios failed to establish past persecution because, even considered cumulatively, her experiences in Venezuela – receiving anonymous threats, being followed once, and not being considered for a government job – do not rise to the level of persecution. *See id.* at 1016-17 (record did not compel finding that being discriminated against, harassed, and fired from job because of religious beliefs rose to level of persecution); *Lim v. INS*, 224 F.3d 929, 936-37 (9th Cir. 2000) (threats without more are generally insufficient to prove past persecution). Further, the record does not compel the conclusion that Herrera-Barrios has demonstrated a well-founded fear of persecution based on these past acts. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) (petitioner's evidence did not compel a factfinder to conclude that a well-founded fear of persecution existed).

Because Herrera-Barrios has not established eligibility for asylum, she necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of CAT relief because Herrera-Barrios failed to establish that it is more likely than not she will be tortured by or with the acquiescence of a public official or other person acting in an official capacity if she returns to Venezuela. *See Wakkary v. Holder*, 558 F.3d 1049, 1068 (9th Cir. 2009).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**